UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
---------------------------------------------------------X
Tal Amedy,

                Plaintiff,

     -against-

Online Information Services d/b/a
Online Collections,

               Defendant.
---------------------------------------------------------X

Civil Action No.:_____

**COMPLAINT AND**
**DEMAND FOR JURY TRIAL**

Plaintiff Tal Amedy (hereinafter referred to as "Plaintiff"), by and through, Fredrick Schulman & Associates, Attorneys at Law, brings this action to recover monetary damages, and declaratory and injunctive relief, against Defendant Online Information Services d/b/a Online Collections. (hereinafter referred to as " Defendant "), arising from Defendant's violations of 15 U.S.C. §1692 *et seq.*, commonly referred to as the Fair Debt Collection Practices Act (hereinafter referred to as "FDCPA):

**PRELIMINARY STATEMENT**

The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged,

and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. §1692(a)-(e).

The elements of an FDCPA claim are (1) the Plaintiff(s) is a consumer under 15 U.S.C. §1692a(3) or §1692c(d); (2) the debt at issue is a consumer debt under 15 U.S.C.§1692a(5); (3) the Defendant is a debt collector under 15 U.S.C. §1692a(6); and (4) that the Defendant has violated, through acts or omissions, some part of the FDCPA.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, as well as 15 U.S.C. §1692 *et seq*. and 28 U.S.C. §2201.  If applicable, the Court also has pendent jurisdiction over any State law claims in this action pursuant to 28 U.S.C. §1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b).

## PARTIES

3. Plaintiff is a resident of the State of Coral Gables, Miami-Dade County.

4. At all relevant times herein, Plaintiff is a "consumer" as that term is defined in 15 U.S.C. §1692a(3) of the FDCPA.

5. Upon information and belief, Defendant is a North Carolina company with its principal office located at 202 W. Fire Tower Rd, Winterville, NC 28590 and registered agent located 685 W Fire Tower Rd., Winterville, NC  28590.

6. Defendant regularly uses the mail and telephone in business, the principal purpose of which is the collection of debts.

7. Defendant regularly collects or attempts to collect debts for other parties, and therefore, is a "debt collector" as the phrase is defined in 15 U.S.C. §1692a(6) of the FDCPA.

## **FACTUAL ALLEGATIONS**

8. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "7" herein with the same force and effect as if the same were set forth at length herein.

9. Plaintiff allegedly incurred a debt to North Broward Radiologist, account number: 5261160000881424 (referred to hereinafter as the "Alleged Debt").

10. Upon information and belief, the nature of the underlying debt allegedly owed by the Plaintiff is the type of debt the FDCPA was designed to regulate.

11. In or around May 2013, Plaintiff became aware that the alleged debt was being reported on her credit report by Defendant.

12. On or about May 27, 2013, Plaintiff sent to Defendant, a dispute letter, which also requested validation of the Alleged Debt.

13. Defendant received said letter via facsimile on May 27, 2013.

14. On or about January 13, 2014, Plaintiff sent a dispute letter to Equifax, requesting an investigation of the item that reflects the Alleged Debt.

15. Upon information and belief, Equifax investigated the item shortly after receiving Plaintiff's dispute by contacting Defendant for information regarding the validity and status of the Alleged Debt.

16. In or around February 2014, Defendant communicated to Equifax, a credit reporting agency, that the status of the account for the Alleged Debt was "unpaid", rather than "disputed".

17. Contrary to Defendant's report to Equifax, Defendant sent Plaintiff a letter on or around February 7, 2014 stating: "[p]lease be advised, if we have reported to the consumer reporting agencies, in acknowledgement of your dispute, the account will we listed as disputed".

18. Defendant willfully communicated false credit information to the credit reporting agency in that it failed to communicate that the account was "disputed".

19. Defendant communicated the debt as valid and undisputed, despite its knowledge of Plaintiff's dispute and its assurance that the account would be listed as "disputed".

20. As a direct consequence of Defendant's acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

**FIRST CAUSE OF ACTION**
**(Violations of 15 U.S.C §1692e)**

21. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "20" herein with the same force and effect as if the same were set forth at length herein.

22. Defendant's conduct violated 15 U.S.C. §1692e in that the Defendant used false, deceptive and misleading representations, and means in an attempt to collect the Alleged Debt from Plaintiff..

23. As a result of Defendant's violation of the FDCPA, Plaintiff has been damaged and is entitled to statutory damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

**SECOND CAUSE OF ACTION**
**(Violation of 15 U.S.C. §1692e(8))**

24. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "23" herein with the same force and effect as if the same were set forth at length herein.

25. Defendant's conduct violated 15 U.S.C. §1692e(8), which prohibits the communication of false credit information to *any person*, when Defendant failed to communicate to Equifax that Plaintiff's account regarding the Alleged Debt was disputed.

26. As a result of Defendant's violation of the FDCPA, Plaintiff has been damaged and is entitled to statutory damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## THIRD CAUSE OF ACTION
## (Violation of 15 U.S.C. § 1692e(10))

27. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "26" herein with the same force and effect as if the same were set forth at length herein.

28. Defendant's conduct violated 15 U.S.C. §1692e(10) in that Defendant used false representation and deceptive means in attempt to collect the Alleged Debt.

29. As a result of Defendant's violation of the FDCPA, Plaintiff has been damaged and is entitled to statutory damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## DEMAND FOR TRIAL BY JURY

30. Plaintiff hereby demands a trial by jury for all claims and issues in this complaint for which the Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Tal Amedy demands judgment from Defendant Online Information Services d/b/a Online Collections, as follows:

   A. For statutory damages provided and pursuant to 15 U.S.C. §1692k(a)(2)(A):

   B. For attorney's fees and costs provided and pursuant to 15 U.S.C. §1692k(a)(3);

    C.   For a declaration that Defendant's practices violated the FDCPA; and,

    D.   For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: New York, New York
       April 23, 2014

Respectfully submitted,

By: *s/ Jerald Alan Belofsky*_____
    JERALD ALAN BELOFSKY, ESQ.
FREDRICK SCHULMAN & ASSOCIATES
Attorneys at Law
Attorney for Plaintiff
30 East 29TH Street
New York, New York 10016
(212) 796-6053